NATHANIEL HEACOCK

*against*

PHILO STODDARD.

It is no valid objection to the caption of a deposition, that the attorney to the adverse party was not notified, though living within thirty miles of the place of caption.

IN·this cause the plaintiff's counsel offered to read the deposition of *P. H.*

The counsel for the defendant took two exceptions to the caption :

First. That although the defendant lived at *Middletown*, *Rutland* County, more than *thirty miles* from the place of caption, yet the plaintiff's known attorney lived in *Middlebury*, where the deposition was taken, and ought to have been notified.

Secondly. That the deposition is drawn in the hand-writing of *G.* an attorney by profession, and son-in-law to the plaintiff, and so interested.

*Vermont* Stat. vol. 1. p 87.

*Sed per Curiam.* The statute requires, that the adverse *party*, and *not the attorney*, shall be notified of the taking of a deposition, if living within thirty miles of the place of caption.

Ib. p. 89.

It is not a connection in a party's family by intermarriage with his daughter, but an interest in the cause, which incapacitates a person from writing or drawing up a deposition.

As to the second exception, the words of the statute are, " that no *agent*, attorney, or person interested in the cause, shall write or draw up the deposition of any witness to be used in such cause."

Here it does not appear that *G.* was the agent or attorney of the plaintiff. The interest supposed to result from his connection by marriage with the plaintiff's family, is not that contemplated by the statute, for it must be *an interest in the cause*, which

incapacitates a person from writing or drawing up a deposition.

Heacock<br>v.<br>Stoddard.

Deposition admitted to be read.

TYLER, Judge, dissenting. He considered *G.* to have been the agent of the plaintiff, within the purview of the act.

*W. C. Harrington* and *Amos Marsh*, for plaintiff.
*Daniel Chipman,* for defendant.